741 A.2d 168 (1999)
326 N.J. Super. 351
STATE of New Jersey, Plaintiff-Respondent,
v.
Reggie SINGLETON, Defendant-Appellant.
Superior Court of New Jersey, Appellate Division.
Submitted October 27, 1999.
Decided December 9, 1999.
*169 Ivelisse Torres, Public Defender, for defendant-appellant (John V. McDermott, Jr., Designated Counsel, of counsel and on the brief).
Donald Campolo, Acting Essex County Prosecutor, for plaintiff-respondent (Maryann K. Lynch, Assistant Prosecutor, of counsel and on the brief).
Before Judges STERN, KESTIN and STEINBERG.
The opinion of the court was delivered by KESTIN, J.A.D.
Defendant was convicted of six third degree crimes: two counts of possession of CDS, heroin and cocaine; two counts of possession of the heroin and cocaine with intent to distribute; and two counts of possession of the heroin and cocaine in a school zone with intent to distribute. After granting the State's motion for an extended term and effecting appropriate mergers of the heroin and cocaine convictions respectively, the trial court sentenced defendant to two concurrent prison terms on the school zone convictions, each for seven years with three-and-one-half years of parole ineligibility. The customary assessments, fees and penalties required by statute were also ordered.
On appeal, defendant raises the following issues:
POINT I THE WARRANTLESS SEIZURE AND SEARCH OF THE DEFENDANT WAS UNLAWFUL AND REQUIRES A SETTING ASIDE OF THE VERDICT AND A NEW TRIAL. (NOT RAISED BELOW)
POINT II THE SENTENCE IMPOSED ON THE DEFENDANT WAS IMPROPER AND SHOULD BE VACATED.
According to the testimony of a sheriff's detective, while on surveillance from a parked van for about ten minutes he had observed a female approach defendant on a street corner some forty-six feet away. The two conversed and defendant bent over, removed an object from his sock, and gave the object to the female in exchange for currency. The female walked away. The detective and his team immediately detained defendant and searched him, finding four vials of cocaine in his sock. Defendant was arrested. A subsequent search at headquarters disclosed four bags of heroin in one of defendant's sleeves and $200 in currency in his pants pocket.
We discern no merit in defendant's argument addressed to the convictions, i.e., the search and seizure issue. Defendant has not satisfied plain error standards in that regard.
We are constrained to observe, however, that as part of the State's case, Detective Herman Rivera of the Essex County Sheriff's Department testified as an expert witness "qualified ... in the field of narcotics." Besides offering the jury the benefit of his expertise regarding the methods and means of drug sales, by way of assisting the jury to understand the evidence relating to the intent-to-distribute charges, Detective Rivera, in response to a hypothetical question, offered, further, an opinion that defendant
was engaging in a street level distribution scheme * * * [and] that this individual was selling to different individuals with different needs.
This was the same practice, in the same county, with the same expert witness we recently held to be fatally flawed in a case charging distribution of CDS. See State v. Baskerville, 324 N.J.Super. 245, 735 A.2d 39 (App.Div.1999).
After having reviewed the record in the light of the arguments advanced by the parties, including those in supplemental briefs we requested concerning the impact of Baskerville, we reverse the intent-to-distribute *170 convictions in this case for some of the same reasons we articulated in Baskerville, and remand for a retrial of those charges. To the extent expert testimony bearing upon intent to distribute is appropriate and permissible to assist the jury in understanding the evidence where an offense with that element is charged, see id. at 263, 735 A.2d 39, when the expert offers an opinion that a drug transaction occurred he crosses the line of permissibility and contaminates all related proofs with prejudicial qualities not easily cured. Id. at 263-64, 735 A.2d 39; see also State v. J.Q., 130 N.J. 554, 574-81, 617 A.2d 1196 (1993).
In an appropriate case, connected convictions for simple possession might also fall as infected by the undue prejudice inflicted by the impermissibly broad expert testimony. See Baskerville, supra, 324 N.J.Super. at 264, 735 A.2d 39 ("an essential aspect of the proofs became irredeemably tainted by a risk of prejudice far outweighing its probative value"). In this case, however, from our review of the record, we evaluate the prejudice in respect of the simple possession convictions to have been minimal, if it existed at all. There was ample independent testimony that defendant possessed the drugs. The respective convictions for possession of heroin and cocaine are, accordingly, affirmed.
Because we affirm some of the convictions and reverse others, resentencing is necessary apart from a retrial on those charges embodying an intent-to-distribute element. For this reason, we comment also upon a problem with the sentence imposed on March 3, 1998.
It is unclear from the record before us whether the State's motion for an extended term sentence was based on the mandatory provisions of N.J.S.A. 2C:43-6f or on the discretionary provisions of N.J.S.A. 2C:43-7. Ostensibly, defendant qualified for either. Neither the trial court's spare, on-the-record articulation of the reasons for the sentence imposed, nor the judgment of conviction, reveal which basis the trial court employed.
It makes a difference. The N.J.S.A. 2C:44-5(a)(2) prohibition of more than one extended term "[w]hen multiple sentences of imprisonment are imposed on a defendant for more than one offense," N.J.S.A. 2C:44-5a, does not apply to mandatory extended terms. State v. Connell, 208 N.J.Super. 688, 691-92, 506 A.2d 829 (App.Div.1986). It clearly governs the imposition of discretionary extended terms, however, see State v. Pennington, 301 N.J.Super. 213, 219-20, 693 A.2d 1222 (App.Div.), certif. denied in part, 151 N.J. 466, 700 A.2d 878 (1997), aff'd in part, rev'd in part, 154 N.J. 344, 361, 712 A.2d 1133 (1998), even when concurrent sentences are called for, see Pennington, supra, 301 N.J.Super. at 220, 693 A.2d 1222; State v. Latimore, 197 N.J.Super. 197, 223, 484 A.2d 702 (App.Div.1984), certif. denied, 101 N.J. 328, 501 A.2d 978 (1985). We leave it to the trial court on resentencing to articulate adequately and correctly the criteria and reasons for the sentence to be imposed. Of course, when defendant is resentenced for the possession convictions only, the N.J.S.A. 2C:43-6f extended term would not apply.
Affirmed in part; reversed in part; remanded.