SYLLABUS

(This syllabus is not part of the opinion of the Court. It has been prepared by the Office of the Clerk for the convenience of the reader. It has been neither reviewed nor approved by the Supreme Court. Please note that, in the interest of brevity, portions of any opinion may not have been summarized.)

**State of New Jersey v. James W. Robinson** (A-20-12) (070556)

**Argued September 9, 2013 – Decided June 5, 2014**

**CUFF, P.J.A.D. (temporarily assigned), writing for a unanimousCourt.**

In this appeal, the Court considers whether a trial court may impose a mandatory extended term and a discretionary extended term in the same sentencing proceeding.

In late 2003, defendant James W. Robinson sold three bags of crack cocaine to an undercover officer. Police later learned defendant also was selling from his apartment. Following execution of a search warrant and discovery of drugs and drug paraphernalia in the apartment, defendant was indicted for third-degree possession of a controlled dangerous substance (CDS) with intent to distribute (count one), second-degree possession of CDS with intent to distribute within 500 feet of public property (count two), third-degree possession of CDS (count three), and third-degree possession of CDS with intent to distribute (count four). A jury convicted defendant on all counts.

At the time of the sentencing hearing, defendant had a lengthy criminal history, including a prior drug conviction in 1994, and he was incarcerated on a 2002 conviction for criminal restraint. The State moved for a mandatory extended term based on the 1994 conviction. The trial court merged count one into count two, and count three into count four, and sentenced defendant to two mandatory extended terms pursuant to N.J.S.A. 2C:43-6(f), as a repeat drug offender. On count two, defendant was sentenced to a mandatory extended term of fifteen years with a five-year period of parole ineligibility, and, on count four, he was sentenced to a concurrent mandatory extended term of seven years with a three-year period of parole ineligibility.

Following an appeal regarding execution of the search warrant, defendant moved in the trial court for a reduction of his sentence, arguing that multiple extended terms violate N.J.S.A. 2C:44-5(a)(2). In light of the State's concession that defendant's conviction on count two was not a predicate offense for a mandatory extended term, the trial court treated defendant's motion as one to correct an illegal sentence. It determined that defendant qualified as a persistent offender pursuant to N.J.S.A. 2C:44-3(a), and imposed a discretionary persistent offender extended term on count two of fifteen years with a five-year period of parole ineligibility. Since the trial court did not alter the mandatory extended term on count four, the aggregate sentence also was unchanged.

Defendant appealed, arguing that the revised sentence was illegal because it violated the statutory bar on the imposition of multiple extended terms under N.J.S.A. 2C:44-5(a)(2). The Appellate Division affirmed defendant's sentence, finding that the prohibition on multiple extended terms applies only to discretionary extended terms and not mandatory terms. The Court granted defendant's petition for certification. 212 N.J. 455 (2012).

**HELD:** N.J.S.A. 2C:44-5(a)(2) bars the imposition of a mandatory extended term and a discretionary extended term in the same sentencing proceeding.

1. Appellate review of a sentence is guided by the abuse of discretion standard. Reviewing courts must first determine whether the sentence violates sentencing guidelines and legislative policies, a question of law which is reviewed de novo. Thus, the Court reviews the interpretation and application of N.J.S.A. 2C:44-5(a)(2) de novo. The goal of statutory interpretation is to effectuate the intent of the Legislature, and the plain language chosen by the Legislature is the best indicator of its intent. When the language is clear and leads to a result that is consistent with statutory objectives and related provisions, the law is applied as written. When the language suggests more than one reasonable interpretation, courts will consult other statutory construction tools, as well as extrinsic aids. (pp. 11-12)

2. Defendant's present conviction and criminal history qualify him for imposition of a discretionary extended term as a persistent offender under N.J.S.A. 2C:44-3(a) and a mandatory extended term under N.J.S.A. 2C:43-6(f).

N.J.S.A. 2C:44-5(a)(2) provides, in relevant part, that when multiple sentences are imposed on a defendant for more than one offense, "[n]ot more than one sentence for an extended term shall be imposed." The Court agrees with its previous statement in State v. Hudson, 209 N.J. 513 (2012), which considered the validity of multiple extended terms imposed at different times, that the statute "states, with unmistakable clarity," that no more than one extended term sentence shall be imposed when sentencing a defendant for multiple offenses during a single proceeding. The Court finds that the unambiguous language of N.J.S.A. 2C:44-5(a)(2) "expressly and unequivocally" prohibits the imposition of multiple extended term sentences in a single sentencing proceeding. (pp. 12-13)

3. In considering whether its interpretation is consistent with legislative objectives, the Court explains that N.J.S.A. 2C:44-5 was enacted in 1978 and is based on a section of the Model Penal Code (MPC), thereby permitting the Court to consider the MPC and any relevant commentary during its analysis of the statutory provision. To that end, the Court notes that, with respect to the authority to impose multiple extended terms, the MPC Commentaries observe that ordinary terms and certain enhanced terms should sufficiently address multiple offenders. Moreover, the flexibility afforded within the extended term maximum allows courts to achieve any desired level of additional deterrence, as well as any preventive or incapacitative objective. Under N.J.S.A. 2C:44-3, New Jersey's Criminal Code permits a sentencing judge, on a prosecutor's request, to impose a discretionary extended term. In contrast, some extended terms are mandatory, including, upon application of the prosecutor, those for repeat offenders of certain designated drug crimes. N.J.S.A. 2C:43-6(f). Barring more than one extended term when a judge is fashioning a sentence for multiple offenses in a single proceeding is consistent with the Code's goal of promoting uniformity of sentencing throughout the State. Thus, the Court concludes that the prohibition against multiple extended terms directed by the plain language of N.J.S.A. 2C:44-5(a)(2) is consistent not only with the overarching legislative objective of promoting sentencing uniformity and predictability but also with the context of other provisions governing extended term and mandatory minimum sentencing. (pp. 14-19)

4. The Court notes that a specific statute, such as N.J.S.A. 2C:43-6(f), requiring the imposition of mandatory extended terms for certain repeat drug offenders, generally overrides a general statute, such as N.J.S.A. 2C:44-5(a)(2) . However, the fact that one of the extended terms imposed here was mandatory does not change the Court's conclusion that N.J.S.A. 2C:44-5(a)(2) prohibits the imposition of multiple extended terms during the same sentencing proceeding. The Court explains that N.J.S.A. 2C:43-6(f) permits the prosecutor to waive imposition of the extended term by declining to request it. If the mandatory extended term is not requested, the sentencing court must impose an ordinary term. Granting the prosecutor this power permits the State to comply with the unambiguous legislative directive in N.J.S.A. 2C:44-5(a)(2) prohibiting the imposition of multiple extended terms. (pp. 19-20)

5. Since N.J.S.A. 2C:44-5(a)(2) bars the imposition of a discretionary extended term and a mandatory extended term in the same sentencing proceeding, the sentence imposed on defendant is illegal. This disposition requires vacation of defendant's sentence and remand for imposition of a new one following an entirely new sentencing proceeding. Under the circumstances here, where the sentencing court has twice imposed an illegal sentence, the sentence should be approached anew. At that time, the State may elect whether to seek an extended term on count two or four. If the State chooses to forego the mandatory extended term on count four and to request a discretionary extended term on count two, defendant may argue against imposition of such a term. Likewise, the State may reserve the right to request a mandatory extended term if its application for a discretionary extended term is denied. Both parties also may argue for or against imposition of consecutive terms. The trial court must identify the appropriate aggravating and mitigating factors and explain its reasons for the imposition of any extended term, as well as for imposition of consecutive or concurrent terms. (pp. 20-23)

The judgment of the Appellate Division is **REVERSED** and the matter is **REMANDED** to the trial court for resentencing in accordance with the Court's opinion.

**CHIEF JUSTICE RABNER and JUSTICES LaVECCHIA, ALBIN, and PATTERSON join in JUDGE CUFF's opinion. JUDGE RODRÍGUEZ (temporarily assigned) did not participate.**

2

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

        v.

JAMES W. ROBINSON,

    Defendant-Appellant.


        Argued September 9, 2013 – Decided June 5, 2014

        On certification to the Superior Court,
        Appellate Division.

        Stephen P. Hunter, Assistant Deputy Public
        Defender, argued the cause for appellant
        (Joseph E. Krakora, Public Defender,
        attorney).

        Jennifer E. Kmieciak, Deputy Attorney
        General, argued the cause for respondent
        (John J. Hoffman, Acting Attorney General of
        New Jersey, attorney).

    JUDGE CUFF (temporarily assigned) delivered the opinion of the Court.

    In this appeal we consider extended term sentencing in a context not previously considered by the Court. In earlier opinions, the Court addressed the distinction between a discretionary or persistent offender extended term and a mandatory extended term, State v. Martin, 110 N.J. 10, 16 (1988), the need for the prosecutor to provide notice to the

defendant of his or her intention to seek an extended term, State v. Thomas, 195 N.J. 431, 436 (2008), and the analysis the trial court must employ in its decision to impose an extended term, State v. Thomas, 188 N.J. 137, 138 (2006) (addressing mandatory repeat drug offender extended term sentences); State v. Pierce, 188 N.J. 155, 158 (2006) (addressing discretionary extended term sentences).

This appeal requires the Court to address N.J.S.A. 2C:44-5(a)(2), which limits the number of extended terms that may be imposed in a single sentence. A defendant may be sentenced to multiple mandatory extended terms in the same proceeding. State v. Connell, 208 N.J. Super. 688, 697 (App. Div. 1986) (permitting multiple Graves Act mandatory terms of parole ineligibility in same sentence). On the other hand, N.J.S.A. 2C:44-5(b)(1) prevents a trial court from imposing a discretionary extended term for an offense when the defendant is already imprisoned on another extended term. State v. Hudson, 209 N.J. 513, 517 (2012). Here, we address whether a trial judge may impose a mandatory extended term and a discretionary extended term in the same sentencing proceeding.

This is the second time defendant has appeared before this Court concerning his conviction for two drug transactions in December 2003 and January 2004. In State v. Robinson, 200 N.J. 1, 18 (2009), the Court held that a twenty- to thirty-second

2

delay between the police knocking and announcing their presence to execute a search warrant and the forcible entry into defendant's apartment was not unreasonable.

Defendant then filed a motion to reduce his fifteen-year term of imprisonment subject to a five-year period of parole ineligibility. The trial court had imposed two mandatory extended terms on one count of second-degree distribution of a controlled dangerous substance (CDS) within 500 feet of public property and one count of third-degree possession of CDS with intent to distribute. Treating the motion as an application to correct an illegal sentence, the trial court held that the mandatory repeat drug offender extended term should not have been imposed on the second-degree offense. The trial court then imposed a discretionary persistent offender extended term sentence of fifteen years' imprisonment subject to a five-year period of parole ineligibility on the second-degree offense and a mandatory repeat drug offender extended term of seven years' imprisonment subject to a three-year period of parole ineligibility on the third-degree offense. Defendant maintains that this sentence also is illegal.

We hold that the plain language of N.J.S.A. 2C:44-5(a)(2) bars the imposition of a discretionary extended term when the prosecutor has requested one and the trial court is obliged to impose a mandatory extended term on another offense in the same

3

proceeding.  The statutes governing sentencing provide sufficient flexibility to fashion an appropriate sentence to address the repeat offender without resorting to multiple extended terms.  To that end, when a defendant is eligible for imposition of both a discretionary extended term and a mandatory extended term, the State may elect which extended term it wishes to pursue.  We, therefore, reverse the judgment of the Appellate Division and remand the matter for resentencing.

I.

A.

On December 10, 2003, defendant sold three bags of crack cocaine to a Pine Hill undercover officer.  A subsequent investigation revealed defendant was selling drugs from his apartment.  On January 16, 2004, a search warrant was executed on defendant's apartment.[1]  Police found $4,124 in United States currency, a paper ledger, a scale, and clear plastic bags containing a rock-like substance.

Defendant was indicted for third-degree possession of CDS with intent to distribute, N.J.S.A. 2C:35-5(b)(3) (count one);

---

[1] Defendant moved to suppress the fruits of this search, arguing there was insufficient probable cause to support the issuance of the search warrant and the police had failed to knock and announce their presence.  This Court held that the twenty- to thirty-second delay between a detective knocking and announcing the presence of the police to execute a search warrant and conducting a forcible entry was reasonable and reinstated defendant's conviction.  Robinson, supra, 200 N.J. at 18.

4

second-degree possession of CDS with intent to distribute within 500 feet of public property, N.J.S.A. 2C:35-7.1 (count two); third-degree possession of CDS, N.J.S.A. 2C:35-10(a)(1) (count three); and third-degree possession of CDS with intent to distribute, N.J.S.A. 2C:35-5(b)(3) (count four). Counts one and two of the indictment arose from the December 10 transaction and counts three and four stemmed from the January 16 search of defendant's apartment. A jury convicted defendant on all counts.

Defendant had a lengthy criminal history. Prior to the current conviction, defendant had a 1994 conviction of distribution of CDS in a school zone; a 2000 conviction for receiving stolen property, eluding a police officer, and burglary; and a 2002 conviction for criminal restraint exposing another to serious bodily injury.[2]

At the time of his sentencing hearing, defendant was serving a three-year prison term with eighteen months of parole ineligibility for the 2002 criminal restraint conviction. At the sentencing hearing, the State moved for a mandatory extended term as a result of the 1994 conviction. The trial court determined that the law permitted imposition of two mandatory repeat drug offender extended terms. The trial court also found

---

[2] Defendant's pre-sentencing report listed eight municipal court convictions, one of which was for possession of CDS.

5

the following aggravating factors applied: the risk defendant might commit another crime, N.J.S.A. 2C:44-1(a)(3); the extent of defendant's previous criminal record and serious offenses of which he has been convicted, N.J.S.A. 2C:44-1(a)(6); and the need to deter defendant and others from violating the law, N.J.S.A. 2C:44-1(a)(9). The court found no mitigating factors.

The trial court merged count one into count two, and count three into count four. The court sentenced defendant to two mandatory extended terms pursuant to N.J.S.A. 2C:43-6(f), "as a subsequent drug offender." On count two, possession of CDS with intent to distribute within 500 feet of public property, the court sentenced defendant to a mandatory extended term of fifteen years' imprisonment subject to a five-year period of parole ineligibility. On count four, possession of CDS with intent to distribute, the trial court sentenced defendant to a concurrent mandatory extended seven-year term of imprisonment subject to a three-year period of parole ineligibility. The trial court directed that these terms were to be served consecutively to the term he was serving on the 2002 conviction.

Defendant appealed, and following reinstatement of defendant's conviction and sentence by this Court, Robinson, supra, 200 N.J. at 22, defendant moved in the trial court for a reduction of sentence. Defendant argued that he was sentenced erroneously to more than one extended term contrary to N.J.S.A.

6

2C:44-5(a)(2). The State conceded that distribution of CDS within 500 feet of public property is not a predicate offense for a mandatory extended term pursuant to N.J.S.A. 2C:43-6(f).[3] Treating defendant's motion as one to correct an illegal sentence, Rule 3:22-12(a), the trial court determined that defendant qualified as a persistent offender pursuant to N.J.S.A. 2C:44-3(a) and imposed a discretionary persistent offender extended term on count two of fifteen years' imprisonment subject to a five-year period of parole ineligibility. The mandatory extended term on count four remained unchanged. The aggregate sentence also remained the same: fifteen years in prison subject to a five-year period of parole ineligibility.

### B.

Defendant appealed. Defendant argued that the revised sentence was illegal because it violated the statutory bar on imposition of multiple extended terms. N.J.S.A. 2C:44-5(a)(2). Defendant acknowledged that the mandatory extended term on count four is legal. He argued, however, that the discretionary extended term on count two is illegal pursuant to the plain language of N.J.S.A. 2C:44-5. Defendant maintained that the maximum sentence that could have been imposed on count two was

---

[3] State v. Kashif Patterson, ___ N.J. Super. ___, ___ (App. Div. 2014) appears to be the first published opinion to confirm this rule.

7

ten years. He also contended that the trial court failed to make any findings of fact to permit a parole ineligibility term on count two. In an unpublished order, the Appellate Division affirmed defendant's sentence. The panel concluded that State v. Singleton, 326 N.J. Super. 351, 355 (App. Div. 1999) governed the imposition of extended terms and found that the "N.J.S.A. 2C:44-5(a)(2) prohibition of more than one extended term '[w]hen multiple sentences of imprisonment are imposed on a defendant for more than one offense,' does not apply to mandatory extended terms. It clearly governs the imposition of discretionary extended terms."

This Court granted defendant's petition for certification. 212 N.J. 455 (2012).

## II.

### A.

Defendant contends that his sentence is illegal because the plain language of N.J.S.A. 2C:44-5(a)(2) bars the imposition of a discretionary extended term on count two, because he was subject to a mandatory extended term on count four. He contends that the plain language of the statute precludes imposition of more than one extended term unless a specific statute overrides the general bar.

Defendant relies on Hudson, supra, 209 N.J. 513. He interprets Hudson to hold that N.J.S.A. 2C:44-5(a)(2) prohibits

8

"'more than one sentence for an extended term' when sentencing a defendant for more than one offense." Id. at 530 (quoting N.J.S.A. 2C:44-5(a)(2)). He argues that the only exceptions to this rule are the mandatory terms prescribed by N.J.S.A. 2C:43-6(f) that override the more general sentencing provisions contained in N.J.S.A. 2C:44-5(a)(2). Hudson, supra, 209 N.J. at 526; Singleton, supra, 326 N.J. Super. at 355. Defendant asserts that because distribution of CDS within 500 feet of public property is not a predicate offense for a mandatory extended term pursuant to N.J.S.A. 2C:43-6(f), the prohibition in N.J.S.A. 2C:44-5(a)(2) against multiple extended terms controls.

Defendant contends the Appellate Division misread Singleton and Connell to allow both a discretionary and mandatory extended term because those cases addressed only the legality of multiple mandatory extended terms. Defendant asserts that neither court contemplated whether the sentencing judge can impose a discretionary and a mandatory extended term in the same sentence.

B.

The State maintains the Appellate Division correctly affirmed defendant's sentence because N.J.S.A. 2C:44-5(a)(2) prohibits only more than one discretionary extended term, not a mandatory and a discretionary extended term paired together.

9

Therefore, the sentence fashioned by the trial court was not prohibited because only one discretionary term was imposed.

Examining the legislative intent of the statute, the State asserts that the Legislature contemplated only a bar on multiple discretionary extended terms because the Code of Criminal Justice (Code), when enacted in 1978, did not include mandatory extended term sentences. Further, the Model Penal Code (MPC) at the time of enactment did not include any type of mandatory extended term sentences.

The State emphasizes the practical effect of the rule advocated by defendant. It contends that defendant's position permits a less serious offense subject to a mandatory extended term to control the sentence fashioned by the trial court. The State urges that the Legislature could not have intended this result when it enacted mandatory extended terms. Furthermore, the State, relying on Thomas, supra, 195 N.J. at 436, maintains that if the Court accepts defendant's position that a mandatory and a discretionary extended term may not be imposed as part of a single sentence, then the prosecutor is entitled to forego the mandatory extended term on the less serious offense and to seek a discretionary extended term on the more serious offense.

III.

A.

10

Appellate review of a sentence is generally guided by the abuse of discretion standard. State v. Roth, 95 N.J. 334, 364-65 (1984); accord State v. Blackmon, 202 N.J. 283, 297 (2010). The first prong of this four-prong analysis concerns whether the sentence imposed violates sentencing guidelines and legislative policies. Roth, supra, 95 N.J. at 364. This inquiry is a question of law which is reviewed de novo. State v. Gandhi, 201 N.J. 161, 176 (2010). Thus, the interpretation and application of N.J.S.A. 2C:44-5(a)(2) presents an issue of law that we review de novo. Hudson, supra, 209 N.J. at 529.

B.

The objective of statutory interpretation is to effectuate the intent of the Legislature. State v. Rangel, 213 N.J. 500, 508-09 (2013). As the Court stated in Hudson, supra, in its recent analysis of N.J.S.A. 2C:44-5

> [w]ell-known principles of statutory construction guide the analysis of N.J.S.A. 2C:44-5. The overriding goal is to determine as best we can the intent of the Legislature, and to give effect to that intent. See State v. Shelley, 205 N.J. 320, 323 (2011); DiProspero v. Penn, 183 N.J. 477, 492 (2005). To accomplish that end, we adhere to the belief that "the best indicator of . . . [legislative] intent is the plain language chosen by the Legislature." Gandhi, supra, 201 N.J. at 176 (citing DiProspero, supra, 183 N.J. at 492).
>
> [209 N.J. at 529.]

11

If the plain language chosen by the Legislature "leads to a clearly understood result" that is consistent with the legislative objectives of the statute and its context with related provisions, we apply the law as written.  Ibid.; Rangel, supra, 213 N.J. at 509.  Other tools for statutory construction and extrinsic aids will be consulted "when the statutory language results in more than one reasonable interpretation." Hudson, supra, 209 N.J. at 529.

This appeal requires the Court to consider the application of N.J.S.A. 2C:44-5(a)(2) to a defendant, whose present conviction and criminal history qualify him for imposition of a discretionary extended term as a persistent offender pursuant to N.J.S.A. 2C:44-3(a), and a mandatory extended term pursuant to N.J.S.A. 2C:43-6(f).  N.J.S.A. 2C:44-5(a)(2) provides:

> When multiple sentences of imprisonment are imposed on a defendant for more than one offense . . . such multiple sentences shall run concurrently or consecutively as the court determines at the time of sentence, except that:
>
> . . . .
>
> (2) Not more than one sentence for an extended term shall be imposed.

Section 5(b) addresses sentences of imprisonment imposed at different times.  See Hudson, supra, 209 N.J. at 531.

Examining the plain language of the statute as we must, Gandhi, supra, 201 N.J. at 176, it is apparent that section

12

5(a)(2) directly and unambiguously addresses the situation presented in this appeal. Notably, we do not write on a clean slate in addressing this issue. In Hudson, supra, which addressed the imposition of multiple extended terms at different times, the Court reviewed the language of subsection (a) and stated that

> [N.J.S.A. 2C:44-5(a)(2)] addresses the sentencing of a defendant on multiple offenses in a single sentencing proceeding, and states, with unmistakable clarity, that there shall be imposed "not more than one sentence for an extended term" when sentencing a defendant for more than one offense.
>
> [209 N.J. at 530.]

Admittedly, the Court's discussion of subsection (a) may be considered dicta, as that subsection of the statute was not the focus of the opinion. Nevertheless, there is nothing in the language used by the Legislature that creates any ambiguity. Rather, N.J.S.A. 2C:44-5(a)(2) expressly and unequivocally states that no more than one extended term sentence may be imposed in a single sentencing proceeding. Furthermore, we discern no basis to depart from our previously expressed determination in Hudson that the prohibition against the imposition of multiple extended terms in a single sentence has been expressed with "unmistakable clarity."

13

Nevertheless, we consider whether this interpretation is consistent with the legislative objectives of the statute and its context with related provisions.  We commence this discussion by examining the derivation of the statute.

N.J.S.A. 2C:44-5, entitled "Multiple sentences; concurrent and consecutive terms," guides trial court judges in multiple-sentence circumstances.  Hudson, supra, 209 N.J. at 527. N.J.S.A. 2C:44-5(a) was enacted in 1978, based on MPC Section 7.06.  Cannel, New Jersey Criminal Code Annotated, comment 1 on N.J.S.A. 2C:44-5 (2013); N.J.S.A. 2C:44-5 (Historical and Statutory Notes).  The language of section 5(a) has remained essentially unchanged since it was originally enacted in 1978. See L. 1978, c. 95; Cannell, supra, comment 1 on N.J.S.A. 2C:44-5(a).

When a provision of the Code is modeled after the MPC, it is appropriate to consider the MPC and any commentary to interpret the intent of the statutory language.[4]  State v. D.A., 191 N.J. 158, 167 (2007).  Section 7.06(1) of the MPC bars the imposition of multiple extended terms in a single sentencing proceeding.  Section 7.06(1)(d) provides "not more than one

---

[4] The New Jersey Criminal Law Revision Commission's commentary on this section provides little guidance.  See II Final Report of the New Jersey Criminal Law Revision Commission, commentary to § 2C:44-5, at 335 (1971).

14

sentence for an extended term shall be imposed." Model Penal Code and Commentaries, § 7.06(1)(d) (1962).

The MPC Commentaries provide some guidance on the authority to impose multiple extended terms. Generally, the MPC Commentaries observe that ordinary terms and certain enhanced terms should be adequate to address the multiple offender. It states, "limits that are set for a given offense as appropriate for imposition on the persistent offender, the professional criminal, and the dangerous, abnormal offender . . . should be more than adequate in severity for the multiple offender." Model Penal Code and Commentaries, supra, comment 2 on § 7.06. Furthermore, "[t]here is ample flexibility within the extended term maximum to achieve the additional deterrence that may be sought by imposing consecutive sentences for separate offenses, and any proper preventive or incapacitative objective should also be met by the maximum thus set." Ibid.

New Jersey's Code "provides for ordinary sentences, N.J.S.A. 2C:43-6(a), as well as extended-term sentences that carry greater punishment for the same crime." Pierce, supra, 188 N.J. at 161 (citing N.J.S.A. 2C:43-6(c), 2C:43-6(f), 2C:43-7, 2C:44-3). N.J.S.A. 2C:44-3, which addresses discretionary extended terms, presents the sentencing judge with an option, upon the prosecution's request, to "impose a longer prison sentence than is ordinarily available." Connell, supra, 208

15

N.J. Super. at 691. In relevant part, N.J.S.A. 2C:44-3 provides, "[t]he court may, upon application of the prosecuting attorney, sentence a person who has been convicted of a crime of the first, second or third degree to an extended term of imprisonment if it finds one or more of the grounds specified in subsection a., b., c., or f. of this section." Subsections (a), (b), (c), and (f) present situations in which discretionary terms "may be imposed in the exercise of sound judicial discretion where the defendant is a persistent offender, a professional criminal or a party to a crime committed for hire." Connell, supra, 208 N.J. Super. at 691 (citing N.J.S.A. 2C:44-3(a)-(c)).

By contrast, some extended prison term sentences "are mandatory, subjecting the defendant to an extended-term sentence when the court finds certain facts, conditions, or circumstances to exist" while "others confer discretion on the sentencing court." Pierce, supra, 188 N.J. at 161. "The Graves Act provides that anyone who uses or possesses a firearm while committing, attempting to commit, or fleeing after the commission of certain designated crimes shall be sentenced to prison for a mandatory minimum term prescribed by the Act." State v. Stewart, 96 N.J. 596, 601 (1984). Under the Comprehensive Drug Reform Act of 1987, extended terms for repeat drug offenders were adopted in order to punish and deter serious

16

and dangerous offenders. State v. Kirk, 145 N.J. 159, 166-67 (1996). Thus, according to N.J.S.A. 2C:43-6(f), a person who has been previously convicted of certain designated drug offenses and who is convicted again of a designated drug offense must receive an extended term of imprisonment if the prosecutor requests such a sentence. See State v. Lagares, 127 N.J. 20, 31 (1992). The base term ranges from the minimum term of imprisonment of the ordinary term for the offense to the top maximum term of imprisonment of the extended term. Pierce, supra, 188 N.J. at 169.

Barring more than one extended term when a judge is fashioning a sentence for multiple offenses in a single proceeding is also consistent with the general purposes of the Code sentencing scheme. One of the general purposes, if not the overarching purpose, of the Code provisions governing sentencing of offenders is to promote uniformity of sentencing throughout the State. State v. Brimage, 153 N.J. 1, 20 (1998); Lagares, supra, 127 N.J. at 31; see also N.J.S.A. 2C:1-2(b)(4) (seeking to avoid excessive, disproportionate, or arbitrary sentences). As explained by Justice Garibaldi,

> [t]o meet those goals, the Code offers specific sentencing instruction to judges, including detailed guidelines and rules. In particular, the Code provides for a range of permissible sentences for each degree of crime, N.J.S.A. 2C:43-6(a); certain mandatory minimum punishments, such as under

17

the Graves Act, N.J.S.A. 2C:43-6(c); the imposition of a mandatory extended term of imprisonment for certain crimes within specified permissible ranges, N.J.S.A. 2C:43-7(a); a presumption of imprisonment for all first and second degree offenses, N.J.S.A. 2C:44-1(d); a list of specific aggravating and mitigating factors to be considered in sentencing, N.J.S.A. 2C:44-1(a), (b); a list of authorized sentencing dispositions, N.J.S.A. 2C:43-2; and a list of the grounds upon which a defendant must be sentenced to a mandatory extended term, N.J.S.A. 2C:44-3. While the Code still affords discretion to individual judges in deciding among different factors and choosing a sentence within a permissible range, that discretion is guided by specific standards which apply on a uniform, statewide basis.

[Brimage, supra, 153 N.J. at 20-21.]

As we observed in Hudson, supra,

[w]ith enactment of N.J.S.A. 2C:44-5, the Legislature has woven a piece on how a sentence should be configured for a defendant confronted with the possibility of serving multiple sentences. N.J.S.A. 2C:44-5(a) instructs courts on how to sentence a defendant with multiple offenses whose sentences can combine and overlap. It addresses the sentencing of a defendant on multiple offenses in a single sentencing proceeding, and states, with unmistakable clarity, that there shall be imposed "not more than one sentence for an extended term" when sentencing a defendant for more than one offense. N.J.S.A. 2C:44-5(a)(2).

[209 N.J. at 530.]

Thus, we conclude that the prohibition against multiple extended terms directed by the plain language of subsection (a)(2) is

18

consistent not only with the overarching legislative objective of promoting sentencing uniformity and predictability but also consistent within the context of other provisions governing extended term and mandatory minimum sentencing.

Nevertheless, the State contends that neither the language of the statute nor the opinion expressed by this Court in Hudson accounts for the situation in which one of the extended terms is a mandatory extended term. In other words, the State contends that the plain language of the statute permits the imposition of a mandatory extended term and a discretionary persistent offender extended term. We disagree.

We acknowledge that a canon of statutory construction directs that a specific statute generally overrides a general statute. See Trinity Cemetery Ass'n v. Twp. of Wall, 170 N.J. 39, 46 (2001). On this basis, the State argues that N.J.S.A. 2C:43-6(f), a specific statute requiring the imposition of mandatory extended terms for certain repeat drug offenders, overrides N.J.S.A. 2C:44-5(a)(2), a general provision governing imposition of multiple extended terms. The flaw in the State's argument is the ability of the prosecutor to refrain from requesting a court to impose any extended term, discretionary or mandatory.

Although N.J.S.A. 2C:43-6(f) prescribes the imposition of an extended term of imprisonment when a defendant has been

19

convicted previously of certain enumerated drug offenses, this provision also permits the prosecutor to waive such enhancement by declining to request imposition of the extended term. As noted, if the prosecutor requests the imposition of an extended term, and the defendant meets the conditions prescribed by the statute, the sentencing court must impose an extended term. Lagares, supra, 127 N.J. at 31. On the other hand, if the prosecutor does not request imposition of a mandatory term, the sentencing judge must impose an ordinary term of imprisonment. Ibid. This extraordinary arrangement bestowed on the prosecutor by the Legislature to determine whether a defendant shall be subject to a greater or lesser term of imprisonment, ibid., also permits the State to comply with the unambiguous legislative direction of N.J.S.A. 2C:44-5(a)(2) to restrict imposition of multiple extended terms.

IV.

Simply stated, the sentence imposed on defendant is illegal. N.J.S.A. 2C:44-5(a)(2) bars the imposition of a discretionary extended term and a mandatory extended term in the same sentencing proceeding. We must, therefore, address the remedy to which defendant is entitled. Defendant urges that this Court simply vacate the discretionary extended term and remand for resentencing with instructions to impose an ordinary term of imprisonment on count two and to maintain the mandatory

20

extended term of seven years' imprisonment subject to a three-year period of parole ineligibility on count four.

The State argues that a new sentencing hearing should be conducted guided by the law outlined in this opinion. It maintains that the sentencing court fashioned an entire sentence based on a misapprehension of the law. Under those circumstances, the State urges that the prosecutor should have the discretion to decide which count should bear the extended term. In other words, the prosecutor should have the opportunity to invoke his discretion to waive the imposition of a mandatory extended term on count four and to elect to request a discretionary extended term on count two based on defendant's status as a persistent offender.[5]

This Court recently observed that remands for resentencing "cover a range of proceedings, from vacated sentences which require sentencing anew to mere corrections of technical errors." State v. Randolph, 210 N.J. 330, 350 (2012). We also commended the approach adopted by State v. Towey, 244 N.J. Super. 582, 594 (App. Div.), certif. denied, 122 N.J. 159 (1990) and State v. Tavares, 286 N.J. Super. 610, 616 (App. Div.), certif. denied, 144 N.J. 376 (1996), which directs that

---

[5] If the State elects to pursue a discretionary extended term sentence, it may reserve the right to request a mandatory extended term in the event that the trial court denies the State's application for imposition of the discretionary extended term.

21

judgments ordering reconsideration of sentence require a court to conduct a new sentencing proceeding. Randolph, supra, 210 N.J. at 352. The Court noted that such an approach "encourages more fulsome resentencing proceedings unless circumscribed by the remanding appellate body's delineation that a limited proceeding is sufficient." Ibid.

Our disposition requires vacation of defendant's sentence and that the matter be remanded for imposition of a new sentence. This is not a remand simply to alter the judgment of conviction to reflect merger of certain counts or for a statement of reasons to support a consecutive term. Id. at 353. The circumstances of this case require an entirely new sentencing proceeding. On two occasions, defendant has faced a court for sentencing. Twice, the sentencing court has imposed an illegal sentence. Under those circumstances, it is appropriate that the State, defendant, and the sentencing court should approach this sentence anew. At the new sentencing proceeding, the State may elect whether to seek an extended term on count two or count four. The State must, of course, submit its request for an extended term in writing, and if it elects to seek the mandatory extended term on count four, it must also express its reasons for doing so. Lagares, supra, 127 N.J. at 32.

If the State elects to forego the mandatory extended term on count four and to request a discretionary extended term on count two, defendant may argue against the imposition of such a term. Similarly, both parties may argue for or against the imposition of consecutive terms and the trial court must identify the appropriate aggravating and mitigating factors, explain the reasons for imposition of any extended term of imprisonment, and the reasons for imposing consecutive or concurrent terms of imprisonment.

## V.

In sum, we hold that N.J.S.A. 2C:44-5(a)(2) bars imposition of a mandatory extended term and a discretionary extended term in the same sentence. When a defendant is eligible for both types of extended terms, the State may elect which type of extended term it wishes to pursue. Finally, in this case, a new sentencing proceeding must be conducted.

## VI.

The judgment of the Appellate Division is reversed and the matter is remanded for resentencing consistent with this opinion.

CHIEF JUSTICE RABNER; JUSTICES LaVECCHIA, ALBIN, and PATTERSON join in JUDGE CUFF's opinion. JUDGE RODRIGUEZ (temporarily assigned) did not participate.

23

SUPREME COURT OF NEW JERSEY

NO.     A-20                    SEPTEMBER TERM 2012

ON CERTIFICATION TO          Appellate Division, Superior Court


STATE OF NEW JERSEY,

        Plaintiff-Respondent,

               v.

JAMES W. ROBINSON,

        Defendant-Appellant.


DECIDED              June 5, 2014
                Chief Justice Rabner              PRESIDING
OPINION BY              Judge Cuff
CONCURRING/DISSENTING OPINIONS BY
DISSENTING OPINION BY


| CHECKLIST | REVERSE/ REMAND | |
|---|---|---|
| CHIEF JUSTICE RABNER | X | |
| JUSTICE LaVECCHIA | X | |
| JUSTICE ALBIN | X | |
| JUSTICE PATTERSON | X | |
| JUDGE RODRÍGUEZ (t/a) | ------------------------ | ---------------------- |
| JUDGE CUFF (t/a) | X | |
| TOTALS | 5 | |