JUSTICE ALBIN, concurring.
I agree with the majority that D.M.'s juvenile adjudication for endangering the welfare of a child, N.J.S.A. 2C:24-4(a)(1), must be reversed. I also concur with the majority that N.J.S.A. 2C:24-4(a)(1) is in need of legislative review, in my view because of its potential to be overread. Unlike the majority, however, I would give some guidance on the limitations of the endangering statute when applied to children close in age who engage in consensual sexual conduct.
The endangering statute is a very broad and vaguely written statute and therefore may be susceptible to varying interpretations by different prosecutors and judges, particularly when applied to close-in-age juveniles involved in consensual sexual conduct. Therein lies the danger. We should construe the endangering statute in a sensible manner -- consistent with the Legislature's probable intent -- so that it does not conflict with related statutes **24 or exceed its constitutional bounds. See State v. Burkert, 231 N.J. 257, 276-77, 174 A.3d 987 (2017) ; Tumpson v. Farina, 218 N.J. 450, 467, 95 A.3d 210 (2014).
A criminal statute must give fair notice to a reasonable person of the conduct the law prohibits. The vice of vague laws is that they lack explicit standards and therefore lend themselves to abuse. See Town Tobacconist v. Kimmelman, 94 N.J. 85, 118, 462 A.2d 573 (1983) ("A law is void as a matter of due process if it is so vague that persons 'of common intelligence must necessarily guess at its meaning and differ as to its application.' " (quoting Connally v. Gen. Constr. Co., 269 U.S. 385, 391, 46 S.Ct. 126, 70 L.Ed. 322 (1926) )). Vague laws are constitutionally suspect because they may ensnare the innocent who are unable to discern the dividing line between permissible and prohibited conduct, because such laws may be subject to arbitrary and discriminatory enforcement, and because they delegate to prosecutors and judges the resolution of issues on a subjective basis.
*263 State v. Cameron, 100 N.J. 586, 591, 498 A.2d 1217 (1985) (citing Grayned v. City of Rockford, 408 U.S. 104, 108-09, 92 S.Ct. 2294, 33 L.Ed.2d 222 (1972) ).
The endangering statute criminalizes "sexual conduct which would impair or debauch the morals of the child." N.J.S.A. 2C:24-4(a)(1). The meaning of the endangering statute is far from clear, particularly when applied to consensual conduct between close-in-age juveniles. The sexual offense statutes of the Code of Criminal Justice, however, are very clear. Those statutes do not criminalize sexual contact between consenting juveniles who are less than four years apart in age. N.J.S.A. 2C:14-2, -3. We should assume that the Legislature did not intend to place in conflict related statutes that speak to a common subject. See In re Registrant J.G., 169 N.J. 304, 334, 777 A.2d 891 (2001) ("When this Court is confronted with conflicting statutory provisions that relate to a common subject, we strive to reconcile the inconsistent provisions and to interpret them harmoniously."). We cannot ascribe to the Legislature the intent to criminalize under the broadly written endangering statute the very conduct that the more specific sexual offense **25 statutes render permissible -- sexual contact between close-in-age consenting juveniles. See State v. Robinson, 217 N.J. 594, 609, 92 A.3d 656 (2014) ("[A] canon of statutory construction directs that a specific statute generally overrides a general statute.").
Even in the absence of further legislative direction, I would not leave to the discretion of prosecutors and judges, for example, whether a consensual sexual act between a seventeen-year-old high school senior and a fifteen-year-old high school sophomore is conduct that debauches the morals of a minor under N.J.S.A. 2C:24-4(a)(1) when that conduct is clearly not criminal under N.J.S.A. 2C:14-2 or -3. Whatever else the endangering statute may prohibit, it does not criminalize sexual conduct between consenting juveniles specifically designated as not criminal under N.J.S.A. 2C:14-2 or -3.
Without such limitations, the endangering statute is vulnerable to a future as-applied constitutional challenge. Prosecutors therefore must act with caution. I doubt that most prosecutors would charge a juvenile who engaged in a consensual sexual act with another juvenile of similar age with child endangerment when such conduct does not contravene N.J.S.A. 2C:14-2 or -3. The child endangerment statute was never intended to criminalize consensual sexual experimentation between close-in-age juveniles that does not violate our sexual offense statutes, N.J.S.A. 2C:14-2 and -3.
The Legislature can now make that point clear.