NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R.1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-4291-14T2

STATE OF NEW JERSEY,

 Plaintiff-Respondent,

v.

GREGORY BYRD,

 Defendant-Appellant.

________________________________________________________________

 Submitted February 7, 2017 – Decided May 8, 2017

 Before Judges Espinosa and Suter.

 On appeal from Superior Court of New Jersey,
 Law Division, Atlantic County, Indictment No.
 87-10-2132.

 Gregory Byrd, appellant pro se.

 Diane Ruberton, Acting Atlantic County
 Prosecutor, attorney for respondent (Mario C.
 Formica, Special Deputy Attorney General/
 Acting Chief Assistant Prosecutor, of counsel
 and on the brief).

PER CURIAM

 Defendant appeals from the denial of his motion to correct

an illegal sentence pursuant to Rule 3:21-10(b)(5). We affirm.

 A jury convicted defendant of first-degree murder, N.J.S.A.
2C:11-2(a)(2) (count one), attempted murder, N.J.S.A. 2C:11-

3(a)(2) (count two), and other offenses arising from a robbery in

which he shot two victims in the head.

 In 1992, defendant was sentenced to life imprisonment with a

thirty-year parole disqualifier on the murder charge. The sentence

challenged in this appeal is the sentence imposed on the attempted

murder charge. The State filed a motion to have defendant

sentenced as a persistent offender pursuant to N.J.S.A. 2C:43-7(a)

and N.J.S.A. 2C:44-3(a). The trial court granted the State's

motion and sentenced defendant to an extended term of life

imprisonment with a twenty-five year parole disqualifier, to run

consecutive to the sentence imposed on the murder charge. The

rest of the counts either merged or resulted in concurrent

sentences.

 We affirmed defendant's convictions and sentence on direct

appeal, State v. Byrd, Docket No. A-2982-88 (App. Div. July 9),

certif. denied, 122 N.J. 363 (1990). Thereafter, defendant filed

two petitions for post-conviction relief, the denials of which

were affirmed on appeal, State v. Byrd, Docket No. A-6002-91 (App.

Div. Feb. 25), certif. denied, 137 N.J. 164 (1994); State v. Byrd,

Docket No. A-0597-10 (App. Div. Mar. 13), certif. denied, 211 N.J.

608 (2012).

 Defendant first challenged his sentence in his direct appeal,

 2 A-4291-14T2
arguing it was manifestly excessive. We noted the trial court's

findings "were amply supported by the record [and] clearly

justified and warranted the imposition of the parole ineligibility

terms, the imposition of the extended term and the imposition of

consecutive terms." State v. Byrd, supra, Docket No. A-2982-88,

slip op. at 13.

 In April 2015, defendant moved to have the extended term

sentence imposed on his attempted murder conviction corrected as

illegal. R. 3:21-10(b)(5). Noting we affirmed defendant's

sentence in his direct appeal, the trial court denied the motion.

 Defendant presents the following arguments:

 POINT I

 THIS COURT SHOULD REMAND THIS MATTER
 TO THE TRIAL COURT FOR PROPER
 SENTENCING SINCE APPELLANT WAS
 UNCONSTITUTIONALLY SENTENCED AS A
 "PERSISTENT OFFENDER" AND SINCE HE
 RECEIVED AN UNREASONABLE SENTENCE
 THAT WAS MANIFESTLY UNJUST.

 POINT II

 THE SENTENCING COURT ABUSED ITS
 DISCRETION IN IMPOSING A
 DISCRETIONARY EXTENDED TERM UPON
 APPELLANT AS A PER[]SISTENT
 OFFENDER.

 Defendant argues the lower court erred in denying his motion

to correct his sentence on the ground that it had already been

addressed in our decision on his direct appeal because he did not

 3 A-4291-14T2
raise the issue of whether his treatment as a persistent offender

at sentencing led to an illegal sentence. He also argues his

sentence was illegal because the out-of-state convictions used by

the State to prove he was a persistent offender under N.J.S.A.

2C:44-3(a) were insufficient. We disagree.

 "[A]ppeals are taken from orders and judgments and not from

opinions, oral decisions, informal written decisions, or reasons

given for the ultimate conclusion." Do-Wop Corp. v. City of

Rahway, 168 N.J. 191, 199 (2001). Because defendant was properly

sentenced as a persistent offender, we need not review the trial

court's reasoning for concluding that sentence should not be

vacated as illegal. Moreover, whether a sentence "violates

sentencing guidelines and legislative policies . . . is a question

of law which is reviewed de novo." State v. Robinson, 217 N.J.

594, 604 (2014).

 N.J.S.A. 2C:44-3(a) permits a court to impose an extended

term of imprisonment if a "defendant has been convicted of a crime

of the first, second or third degree and is a persistent offender."

A persistent offender is defined as

 a person who at the time of the commission of
 the crime is 21 years of age or over, who has
 been previously convicted on at least two
 separate occasions of two crimes, committed
 at different times, when he was at least 18
 years of age, if the latest in time of these
 crimes or the date of the defendant’s last

 4 A-4291-14T2
 release from confinement, whichever is later,
 is within 10 years of the date of the crime
 for which the defendant is being sentenced.

 [Ibid.]

 A prior conviction includes "[a] conviction in another

jurisdiction . . . if a sentence of imprisonment in excess of 6

months was authorized under the law of the other jurisdiction."

N.J.S.A. 2C:44-4(c).

 Defendant's convictions in Maryland resulted from crimes

committed on March 1, 1983, May 2, 1986, and December 23, 1986

while defendant was twenty-one, twenty-four, and twenty-five years

old, respectively. All three crimes were committed within ten

years of January 8, 1987, the date of the attempted murder for

which defendant was sentenced, and resulted in sentences greater

than six months of imprisonment. Therefore, defendant's criminal

record provided a proper basis for him to be a persistent offender.

N.J.S.A. 2C:44-3(a). As a result, the trial judge had the

authority, pursuant to N.J.S.A. 2C:43-7(a)(2), to sentence

defendant to an extended term on his first-degree attempted murder

conviction.

 Affirmed.

 5 A-4291-14T2