# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4289-17T4

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

T.J.H.,

     Defendant-Appellant.

_____

> Submitted November 18, 2019 – Decided December 4, 2019
>
> Before Judges Vernoia and Susswein.
>
> On appeal from the Superior Court of New Jersey, Law Division, Warren County, Indictment No. 17-11-0410.
>
> Joseph E. Krakora, Public Defender, attorney for appellant (Frank M. Gennaro, Designated Counsel, on the brief).
>
> Gurbir S. Grewal, Attorney General, attorney for respondent (Jennifer E. Kmieciak, Deputy Attorney General, of counsel and on the brief).

PER CURIAM

Defendant T.J.H. pleaded guilty to first-degree aggravated sexual assault, N.J.S.A. 2C:14-2(a)(1), of a ten-year-old girl pursuant to a negotiated plea agreement under the Jessica Lunsford Act (the Act), N.J.S.A. 2C:14-2(d). The court sentenced defendant in accordance with the plea agreement to a fifteen-year sentence with a fifteen-year period of parole ineligibility.[1]

Defendant appeals from his sentence, arguing:

> POINT ONE
>
> THE MANDATORY MINIMUM SENTENCE PROVISIONS OF THE JESSICA LUNSFORD ACT WERE NOT IN EFFECT AT THE TIME OF DEFENDANT'S SENTENCING BECAUSE THOSE PROVISIONS WERE NOT ENACTED IN A STATUTORY AMENDMENT EFFECTIVE JULY 1, 2014, AND BECAUSE THE MANDATORY SENTENCE PROVISIONS VIOLATE THE SEPARATION OF POWERS DOCTRINE[.]

Defendant's arguments present issues of law that we review de novo. State v. Robinson, 217 N.J. 594, 603-04 (2014).

Defendant first challenges the court's application of the Act's mandatory sentencing requirements to his sentence. The Act provides that when a

---

[1] Defendant's sentence also included the requirements of the No Early Release Act, N.J.S.A. 2C:43-7.2; Megan's Law, N.J.S.A. 2C:7-1 to -23; parole supervision for life, N.J.S.A. 2C:43-6.4; and service of least a portion of his sentence at the Adult Diagnostic and Treatment Center, N.J.S.A. 2C:47-1 to -10. Defendant does not challenge these conditions of his sentence on appeal.

2

defendant is convicted of aggravated sexual assault by committing an act of sexual penetration with another person under the age of thirteen, the prosecutor may offer a negotiated plea agreement providing that defendant receive a sentence of not less than fifteen years with a fifteen-year period of parole ineligibility. N.J.S.A. 2C:14-2(d). The Act further provides that when a court accepts such a plea agreement, it "shall impose the term of imprisonment and period of parole ineligibility as provided for in the plea agreement, and may not impose a lesser term of imprisonment or . . . period of parole ineligibility than that expressly provided in the plea agreement." Ibid.

Defendant claims the Act's mandatory sentencing requirements, which became effective on May 15, 2014, L. 2014, c. 7, § 1, are inapplicable to his April 8, 2018 sentencing. He asserts that prior to the Act's May 15, 2014 effective date, the sentencing range for a first-degree aggravated sexual assault was ten to twenty years, subject to the requirements of the No Early Release Act, N.J.S.A. 2C:43-7.2. He contends that following the effective date of the Act, an amendment to N.J.S.A. 2C:14-2(a) became effective on July 1, 2014, providing that an aggravated sexual assault constitutes a crime of the first-degree. See L. 2013, c. 214, § 3. Defendant claims the subsequent July 1, 2014 amendment created an ambiguity concerning whether a sentence for an

aggravated sexual assault must be within the first-degree sentencing range of ten to twenty years. Defendant contends the ambiguity must be resolved in his favor and, as a result, the Act's mandatory sentencing provisions should not be applied to him.

As recognized in defendant's brief on appeal, in State v. A.T.C., 454 N.J. Super. 235, 248-50 (App. Div. 2018), aff'd on other grounds, __ N.J. __ (2019), Judge Geiger addressed and rejected the identical argument defendant makes here.[2] Defendant offers no basis to depart from our ruling in that case, and, for the reasons described in Judge Geiger's thoughtful and thorough analysis of the issue, we reject defendant's argument that the Act's mandatory sentencing provisions are inapplicable to his sentencing. Defendant's argument is otherwise without sufficient merit to warrant any further discussion in a written opinion. R. 2:11-3(e)(2).

Defendant's remaining argument, that N.J.S.A. 2C:14-2(d) violates constitutional separation of powers principles, was addressed by our Supreme

---

[2] In its decision in A.T.C., the Supreme Court noted that defendant's claim "that he should be exempt from the [Act], or sentenced to a term of incarceration shorter than that required by the [Act], because a minor amendment to N.J.S.A. 2C:14-2[(d)], . . . gave rise to an ambiguity in that statute and restored the pre-[Act] sentencing range for his first-degree offense" was not an "argument . . . relevant to [the] appeal" before the Court. A.T.C., __ N.J. __ (slip op. at 6).

4

Court in its decision in <u>A.T.C.</u>  The Court considered a challenge to the constitutionality of N.J.S.A. 2C:14-2(d) based on the defendant's claim the statute violated separation of powers principles by "authoriz[ing] a prosecutor to negotiate a plea agreement with a recommended sentence outside the statutory range without presenting a statement of reasons that would allow for judicial review."  <u>A.T.C.</u>, __ N.J. __ (slip op. at 10).

The Court rejected the constitutional challenge, noting that the Attorney General promulgated uniform statewide guidelines governing plea agreements under the Act, and that courts maintain oversight over the plea agreements "to ensure that prosecutorial discretion is not exercised in an arbitrary and capricious manner."[3]  <u>A.T.C.</u>, __ N.J. __ (slip op. at 29).  The Court, however, required that the Attorney General amend the guidelines "to instruct prosecutors to provide the sentencing court with a statement of reasons for a decision to offer a defendant, in a plea agreement, a term of incarceration or term of parole ineligibility between fifteen and twenty-five years" as the statute otherwise permits, finding "such a statement is essential to effective judicial review for the

---

[3] N.J.S.A. 2C:14-2(d) mandates that the Attorney General "develop guidelines to ensure the uniform exercise of discretion in making determinations regarding a negotiated reduction in the term of imprisonment and period of parole ineligibility set forth in" N.J.S.A. 2C:14-2(a).

arbitrary and capricious exercise of prosecutorial discretion under N.J.S.A. 2C:14-2(d)." A.T.C., __ N.J. __ (slip op. at 30-31).

Rejecting the same argument defendant makes here, the Court held that the Act "does not violate separation of powers principles[,] provided that (1) the State presents a statement of reasons explaining the departure from the twenty-five year mandatory minimum sentence specified in N.J.S.A. 2C:14-2(a), and (2) the sentencing court reviews the prosecutor's exercise of discretion to" determine whether it was arbitrary and capricious. A.T.C., __ N.J. __ (slip op. at 3). The Court remanded the matter for the State to provide the necessary statement of reasons and to allow the sentencing court to determine whether the exercise of the prosecutor's discretion was arbitrary or capricious. A.T.C., __ N.J. __ (slip op. at 3).

We reject defendant's constitutional challenge to the Act for the reasons explained by the Court in A.T.C. However, we vacate defendant's sentence and remand for the State to provide the statement of reasons the Court required in A.T.C. and for the sentencing court to determine whether the State's exercise of discretion in negotiating the plea agreement providing for defendant's fifteen-year sentence under N.J.S.A. 2C:14-2(d) is arbitrary or capricious. See A.T.C., __ N.J. __ (slip op. at 3-4).

A-4289-17T4

Defendant's sentence is vacated and the matter is remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-4289-17T4