**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3791-21

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

AARON SWANN, a/k/a
AARON JORDAN, and
TYLER SWANN,

     Defendant-Appellant.

_____

Argued January 30, 2024 – Decided March 12, 2024

Before Judges Haas and Puglisi.

On appeal from the Superior Court of New Jersey, Law Division, Camden County, Indictment No. 16-10-2985.

John P. Flynn, Assistant Deputy Public Defender, argued the cause for appellant (Joseph E. Krakora, Public Defender, attorney; John P. Flynn, of counsel and on the briefs).

Maura Murphy Sullivan, Assistant Prosecutor, argued the cause for respondent (Grace C. MacAuley, Camden County Prosecutor, attorney; Maura Murphy Sullivan, of counsel and on the brief).

PER CURIAM

Defendant Aaron Swann appeals from the August 3, 2022 amended judgment of conviction (JOC), entered after we remanded for reconsideration under State v. Torres, 246 N.J. 246 (2021). We affirm.

I.

On May 17, 2016, defendant, who was eighteen years old at the time, drove his mother's vehicle around the city of Camden with his co-defendants, then ages sixteen through eighteen. Around 11:30 p.m., defendant approached a random vehicle and fired a shotgun through the front windshield, injuring the two front-seat occupants.

Approximately forty-five minutes later, defendant drove to another location about three miles away, and his co-defendant exited the vehicle and approached an individual to rob him. The co-defendant fired a shotgun at the individual, which missed, and the individual fled. The co-defendant returned to defendant's vehicle.

About an hour later, defendant drove to a third location about two miles away. Two co-defendants exited the vehicle and approached another victim, robbed him, and shot him in the torso. Police officers found the victim laying in the street, and he died of his injuries.

A-3791-21

On November 15, 2018, a Camden County grand jury indicted defendant and his three co-defendants with third-degree possession of a rifle or a shotgun, N.J.S.A. 2C:39-5(c)(1) (count one); third-degree possession of a sawed-off shotgun, N.J.S.A. 2C:39-3(b) (count two); second-degree possession, receipt, or transfer of a community gun, N.J.S.A. 2C:39-4(a)(2) (count three); second-degree possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4(a)(1) (count four); second-degree conspiracy to commit armed robbery, N.J.S.A. 2C:5-2, :15-1(a)(1) (count five); first-degree conspiracy to commit murder, N.J.S.A. 2C:5-2, :11-3(a)(1) (count six); three counts of first-degree armed robbery, N.J.S.A. 2C:15-1(a)(1) (count seven), N.J.S.A. 2C: 15-1(a)(2) (counts eleven and thirteen); two counts of first-degree attempted murder, N.J.S.A. 2C:5-1, :11-3(a)(1) (counts eight and twelve); two counts of third-degree aggravated assault, N.J.S.A. 2C:12-1(b)(2) (counts nine and ten); first-degree aggravated manslaughter, N.J.S.A. 2C:11-4(a)(1) (count fourteen); and first-degree felony murder, N.J.S.A. 2C:11-3(a)(3) (count fifteen).

On June 27, 2017, pursuant to an agreement, defendant pleaded guilty to three counts of first-degree armed robbery (counts seven, eleven and thirteen). In exchange for defendant's guilty plea, the State agreed to recommend the court impose a ten-year sentence on counts seven and eleven, to run concurrently; and

a thirteen-year sentence on count thirteen, to run consecutively to counts seven and eleven; with all three counts subject to the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2.

On August 11, 2017, the court conducted a sentencing hearing. Defendant's counsel submitted letters of support and asked the court to sentence defendant in accordance with the plea agreement. Neither defense counsel nor the State addressed aggravating and mitigating factors during the hearing. Pursuant to N.J.S.A. 2C:44-1(a), the court found aggravating factors three (the risk defendant will commit another offense) and nine (the need for deterring defendant and others from violating the law). Pursuant to N.J.S.A. 2C:44-1(b), the court found mitigating factor seven (defendant has no history of prior delinquency or criminal activity or has led a law-abiding life for a substantial period of time before the commission of the present offense). The court determined the aggravating factors outweighed the mitigating factors and sentenced defendant in accordance with the plea agreement to an aggregate sentence of twenty-three years, subject to NERA.

Defendant appealed his sentence, which was placed on the excessive sentencing calendar pursuant to Rule 2:9-11. At oral argument, defendant's appellate counsel, who had not represented him during the plea and sentencing,

asked us to remand the case because the trial judge did not consider mitigating factors and evidence and did not provide a statement of reasons as to why he was imposing consecutive sentences. The State conceded the latter point. On March 13, 2020, we issued an order remanding "the matter to the trial court for reconsideration of the factors set forth in State v. Yarbough, 100 N.J. 627 (1985)," and did not retain jurisdiction.

On remand, defense counsel submitted a sentencing memorandum detailing defendant's rehabilitative efforts while incarcerated and discussing studies regarding adolescent brain development. Defendant asked the court to find additional mitigating factors eight (defendant's conduct was the result of circumstances unlikely to recur), nine (the character and attitude of defendant indicate that he is unlikely to commit another offense), eleven (the imprisonment of defendant would entail excessive hardship to himself or his dependents), twelve (the willingness of defendant to cooperate with law enforcement authorities), and fourteen (defendant was under twenty-six years of age at the time of the commission of the offense). Defendant also asked the court to give substantial weight to mitigating factor seven, and to give minimal weight to the aggravating factors found at sentencing, in light of defendant's youth.

On September 17, 2021, Judge Yolanda C. Rodriguez considered arguments of counsel and defendant's sentencing memorandum, having reviewed the transcripts of the initial sentencing and appellate argument. The judge read our order to require her to set forth a Yarbough analysis, not to conduct a sentencing hearing anew. She declined to consider adding additional mitigating factors, finding it "clear that the trial judge did consider aggravating and mitigating factors" at the time of sentencing and placed his reasons on the record and in the JOC. Because defendant was entitled to mitigating factor fourteen as a matter of law, she granted defendant's request to add that factor and, in accordance with our order, issued the following Yarbough analysis:

> Number one, the crimes and their objectives were predominantly independent of each other. The [c]ourt finds that these three shootings and robberies were independent of each other with different victims and locations.
>
> Two, the crimes involved separate acts of violence or threats of violence. The [c]ourt finds that these three random acts of violence were miles apart, and what's significant to [the] [c]ourt, [is the] time in between each one.
>
> Number three, the crimes were committed at different times or separate places rather than being committed so closely in time and place as to indicate a single period of [aberrant] behavior. As explained, these three random shooting and robberies were in separate places, miles apart, with different victims

6

unknown to defendant . . . and the co[-]defendants, also unknown to each other. This was not a single period of impulsive [aberrant] behavior. This was certainly something that took time and thought and reflection between each location, each shooting, between each victim driving between one and the other.

Number four, any of the crimes involved multiple victims. Well[,] that is certainly the case here. And, sadly, one of the victims, the young [victim] lost his life.

Number five, the convictions for which the sentences are to be imposed are numerous. That is the case here. And, again, this [c]ourt finds significant that in this case what we're talking about is defendant . . . pled guilty to three counts of first-degree armed robbery. There had been a number of other charges that was placed on the record today, a number of other counts.

The judge noted defendant's exposure for just the three counts of first-degree armed robbery was twenty years for each count, for a total of sixty years. The plea agreement called for ten-year concurrent terms for the non-fatal robberies and thirteen years for the robbery that resulted in the victim's death, to run consecutively. The judge noted the plea agreement anticipated a total term of twenty-three years, which was "still less than half of his potential exposure of . . . [sixty] years."

In light of the additional mitigating factor, the judge re-balanced the factors, finding the aggravating factors still substantially outweighed the

7

mitigating factors. In doing so, the judge acknowledged the rehabilitative efforts defendant demonstrated while incarcerated, noting he participated in "academics, programs, religion," earned certificates, and worked on "developing employment skills."

The judge also referenced Torres and State v. Bellamy, 468 N.J. Super. 29 (App. Div. 2021), which were decided after we remanded defendant's appeal. In light of the holdings in those cases, the judge considered the overall fairness of the sentence imposed:

> [C]onsidering defendant . . . as he stands there today and the totality of the circumstances, the [c]ourt still finds that having sentenced defendant to the lowest possible sentence in two of the three first-degree counts and those two running concurrently, and on the low end of the third first-degree robbery count, and having that run consecutively, as courts have said, there is no free crime and that one was the where [the victim] tragically lost his life that day, the [c]ourt finds these to be fair and reasonable sentences.
>
> These sentences still allow defendant . . . to possibly be released while he's still a relatively young man. As I said, having the two counts, the non-fatal shooting counts run concurrently, and the third run consecutively, the [c]ourt does find under these circumstances to be fair and reasonable.

In light of her decision, the judge denied defendant's motion for reconsideration of the sentence and reimposed the prior sentence. The amended

JOC reflected the court's analysis under Yarbough but not its findings under Torres.  The JOC was again amended on October 15, 2021, to correct the mandatory parole supervision term.

Defendant appealed, which was again placed on the excessive sentence calendar.  At oral argument, defense counsel argued the trial court erred by not considering studies regarding adolescent brain development and failing to address the additional mitigating factors he requested.  Although both defense counsel and the State discussed the judge's analysis under Yarbough, neither acknowledged the judge had also conducted an analysis under Torres.  On January 10, 2022, this court remanded for a second time "for reconsideration of the nature of the imposition of consecutive sentences" under Torres.

On May 11, 2022, Judge Rodriguez conducted another hearing.  Based on her review of the sentencing oral argument, she rejected defendant's contention the proceeding was required to be a "full re-sentencing from start to finish."  She noted the sole question asked of defense counsel was, "So you want us to remand because of Torres and remand for reconsideration on Yarbough," to which counsel answered, "Right.  And for those specific mitigating factors that weren't found that were supported by the evidence."  Although counsel requested a

remand for both issues, the judge noted that our "order says <u>Torres</u>. Only <u>Torres</u>. It only says <u>Torres</u>." She reasoned:

> They did not state in their order that the remand was to address <u>Torres</u> and <u>Yarbough</u>. They only required that <u>Torres</u> be addressed. They did not state that the sentence imposed in September of 2021 shocked the conscience. They merely stated that the trial [c]ourt consider "the imposition of consecutive sentences under <u>Torres</u>."

The judge noted that this reading of our order made sense because the case had already been remanded to address the <u>Yarbough</u> factors, which had been overlooked by the original sentencing court. She therefore determined the issue on remand was limited to that specifically noted in our order, because if we "want[ed] further resentencing because it shocked the conscience," we would have ordered resentencing.

Accordingly, the judge recited her prior findings regarding the <u>Yarbough</u> factors, her weighing of the aggravating and mitigating factors, and found the twenty-three-year aggregate sentence to be fair. She again noted defendant was not receiving the maximum sentence for any one of the three first-degree crimes to which he pleaded guilty. Instead, he was sentenced to the lowest term on two of the robberies, to run concurrently, even though the court found the aggravating factors outweighed the mitigating factors. The judge found that

running the third sentence consecutively was also fair, in light of all the facts in this case, including the fact that the robbery resulted in death.

The judge further found the aggregate sentence of twenty-three years was fair in light of defendant's age, noting he will be eligible for parole at a young age and even if he served the maximum term, would be forty-one when released.

The judge also considered the sentence in light of the general purposes of offender sentencing pursuant to N.J.S.A. 2C:1-2(b), and found the overall sentence to be fair: "A [twenty-three]-year aggregate sentence for these three first[-]degree robberies with these four different victims serves to prevent and condemn such behavior . . . [and] will insure public safety and deter the defendant from committing similar crimes." She reiterated that defendant's potential exposure was sixty years, and a term of twenty-three years was not "excessive or disproportionate punishment, in light of the severity of the first[-]degree crimes" to which he pleaded guilty. On August 3, 2022, an amended JOC was entered reflecting the findings and decision.

Defendant filed a notice of appeal which, on his motion, was transferred from the sentencing oral argument calendar to the plenary calendar. Defendant presents the following issues for our consideration:

POINT I

THE TRIAL COURT ERRONEOUSLY CONCLUDED THAT THE REMAND ORDER REQUIRED ONLY A STATEMENT OF REASONS RATHER THAN A FULL RESENTENCING.

POINT II

THE TRIAL COURT FAILED TO FIND AMPLY SUPPORTED MITIGATING FACTORS.

    A.    Because Swann agreed to cooperate in the prosecution of his co-defendants, the trial court was required to find mitigating factor twelve.

    B.    Considering Swann's youth and demonstrated rehabilitation in prison, the trial court should have found mitigating factors eight and nine.

POINT III

THE TRIAL COURT FAILED TO APPROPRIATELY CONSIDER SWANN'S YOUTH IN ANALYZING THE YARBOUGH FACTORS AND THE FAIRNESS OF THE AGGREGATE SENTENCE.

    A.    Considering the Yarbough factors in light of Swann's youth, concurrent sentences are warranted for this single period of aberrant behavior.

    B.    The trial court's assessment of the overall fairness of the aggregate sentence was deficient because, in addition to the aforementioned errors, the court failed to consider Swann's youth in weighing the existence of a plea agreement and in analyzing the sentencing purposes set forth in N.J.S.A 2C:1- 2(b).

12

POINT IV

THE TRIAL COURT COMMITTED STRUCTURAL
ERROR BY FAILING TO AFFORD SWANN THE
OPPORTUNITY TO ALLOCUTE DURING THE
SECOND RESENTENCING HEARING.

POINT V

THE MATTER SHOULD BE REMANDED FOR
RESENTENCING BEFORE A DIFFERENT JUDGE
BECAUSE THE JUDGE HAS SHOWN A
COMMITMENT TO IMPOSING THE SAME
SENTENCE.

We disagree and affirm.

II.

An appellate court's review of a sentencing court's imposition of sentence is guided by an abuse of discretion standard. Torres, 246 N.J. at 272. "Appellate review of a criminal sentence is limited; a reviewing court decides whether there is a 'clear showing of abuse of discretion.'" State v. Bolvito, 217 N.J. 221, 228 (2014) (quoting State v. Whitaker, 79 N.J. 503, 512 (1979)).

The deferential standard of review applies, however, "only if the trial judge follows the [Criminal] Code and the basic precepts that channel sentencing discretion." State v. Trinidad, 241 N.J. 425, 453 (2020) (quoting State v. Case, 220 N.J. 49, 65 (2014)). Therefore, if the sentencing judge followed the Criminal Code "and the basic precepts that channel sentencing

13

discretion," this court should affirm the sentence so long as it does not "shock the judicial conscience." Case, 220 N.J. at 65. "On the other hand, if the trial court fails to identify relevant aggravating and mitigating factors, or merely enumerates them, or forgoes a qualitative analysis, or provides little 'insight into the sentencing decision,' then the deferential standard will not apply." Ibid.

It is within the trial judge's discretion to determine if a sentence should be concurrent or consecutive. State v. Cuff, 239 N.J. 321, 350 (2019). The sentencing judge should "place on the record its statement of reasons for the decision to impose consecutive sentences, which…should focus 'on the fairness of the overall sentence, and the sentencing court should set forth in detail its reasons for concluding that a particular sentence is warranted.'" Torres, 246 N.J. at 267-68.

Turning to defendant's arguments, his first contention is that the judge erred in conducting a limited hearing instead of a full resentencing on remand. We disagree. Because the remand orders were limited in scope, defendant was not entitled to reopen the sentencing for additional argument and consideration.

Our Supreme Court has addressed the scope of remand orders. In State v. Randolph, the defendant pleaded guilty to three counts of aggravated assault and eight counts of weapons offenses, spanning five separate indictments. 210 N.J.

330, 335 (2012). He was sentenced to three consecutive maximum terms, with the remaining counts to run concurrently. Id. at 336. At the time of sentencing, the court did not explain its justification for imposing three consecutive maximum sentences. Ibid. On defendant's first appeal, we remanded for resentencing and the court reimposed the same sentence. Ibid. We remanded defendant's second appeal because the trial court did not justify elements of the sentence, including "[t]he terms, the parole ineligibility, consecutiveness, and . . . special considerations when [imposing] more than two consecutive terms." Id. at 337. That order stated: "We remand for reconsideration and justification for the sentence of three consecutive maximum terms." Ibid. On remand, the trial court made limited findings and declined to consider defendant's post-sentencing rehabilitative evidence. Id. at 338. We then affirmed the sentence, and our Supreme Court reversed, holding the scope of the remand hearing was too narrow.

The Court held that "except where the remand order is made limited in scope or is designed to correct a technical error, the Appellate Division has implied that a defendant should be assessed as he stands before the court at resentencing." Id. at 351. Because we remanded not just for reconsideration but for "justification of both the consecutive nature of his sentences and the

imposition of maximum terms, which are two separate considerations," a full resentencing was required. Id. at 352.

In contrast, the Court noted that when a matter is remanded solely for consideration of Yarbough factors,

> defendant's post-sentencing rehabilitation would more likely be outside the scope of that remand order. Not only would such a remand be more technical in nature, that is, for the purpose of putting explanatory information on the record, but also the Yarbough analysis itself, which focuses primarily on the circumstances of the crimes committed, does not fairly implicate defendant's rehabilitation efforts.
>
> [Id. at 353.]

Thus, our first remand order, which was limited to reconsideration of Yarbough factors, did not require a full resentencing hearing.

We next turn to our second order, which remanded "to the trial court for reconsideration of the nature of the imposition of consecutive sentences" pursuant to Torres. During the appellate argument, counsel contended the first remand was conducted incorrectly and requested we remand for a full resentencing. As Judge Rodriguez noted, we could have reversed the sentence and remanded the matter "for a new resentencing proceeding" as the Court did in Torres. However, we declined to do so and instead remanded for the limited purpose of a Torres analysis, which is an amplification of Yarbough that does

16

not necessitate a full resentencing.  Because the remand hearing comported with our order, we are unpersuaded by defendant's argument to the contrary.

Having decided defendant's primary contention, we decline to address the issues raised in points II, IV and V.  The judge correctly divined our intent in both remand orders not to reopen the entire sentencing proceeding and rejected defendant's attempt to add mitigating factors not sought at the initial sentencing. The original sentencing judge made findings regarding aggravating and mitigating factors that were supported in the record and, other than factor fourteen, there was no justification for the remand judge to reconsider that decision or ascribe different weight to those factors.

To the extent counsel is raising these issues before us for the first time, they fall under the plain error rule.  R. 2:10-2.  We otherwise review sentencing under the deferential abuse of discretion standard.  State v. Robinson, 217 N.J. 594, 603 (2014).  "On review, appellate courts are deferential to sentencing determinations and 'must not substitute [their] judgment for that of the sentencing court.'"  State v. Rivera, 249 N.J. 285, 297 (2021) (alteration in original) (quoting State v. Fuentes, 217 N.J. 57, 70 (2014)).  As the Court said:

> The sentence must therefore be affirmed unless (1) the
> sentencing guidelines were violated; (2) the
> aggravating and mitigating factors found were not
> "based upon competent credible evidence in the

record"; or (3) "the application of the guidelines to the facts of [the] case makes the sentence clearly unreasonable so as to shock the judicial conscience."

[Id. at 297-98 (alteration in original) (quoting State v. Roth, 95 N.J. 334, 364-65 (1984)).]

We recognize that at sentencing, defendant only sought mitigating factor seven, which was found by the court. He now argues the court erred by not considering mitigating factors eight, nine, eleven and twelve. In support of his argument for eight, nine and eleven, defendant points to studies that were not presented to the sentencing court in the first instance and to defendant's post-sentencing rehabilitative efforts. The sentencing court's determination was not plain error because it was based on the competent credible evidence in the record before it at that time.

As to mitigating factor twelve, while the plea agreement does not call for truthful testimony, the transcript of the plea reflects that a "separate memorandum of understanding" was executed "that incorporate[d] the terms and conditions . . . that the defendant intend[ed] as part of the plea agreement to cooperate with the prosecution of this indictment." This agreement was not referenced in or appended to the plea agreement, nor was it provided in defendant's appendix filed with this court. We do not have any details as to what specific cooperation defendant was required to provide or whether defendant

actually provided any cooperation under that agreement. Under these circumstances, we are unable to consider defendant's contention on this point.

As to the issues raised regarding defendant's youth, the record reflects that the court considered the fairness of the total sentence imposed, including both the mandatory minimum and maximum terms, in light of defendant's age at the time of the crimes, now and when he will be released. Defendant contends the trial court erred by failing to find the mitigating factors substantially outweigh the aggravating factors, and therefore urges us to require the trial court to impose concurrent terms, but we find these arguments unavailing. Youth is one factor of many and not necessarily, as counsel urges, the overriding or determinative factor. The record reflects the judge placed ample reasons on the record for both the imposition of a consecutive sentence under Yarbough and the fairness of the sentence under Torres, and nothing about that bargained-for sentence "shock[s] the judicial conscience." Fuentes, 217 N.J. at 70.

To the extent we have not expressly addressed any issues raised by defendant, it is because they lack sufficient merit to warrant discussion in a written opinion. See R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

19

A-3791-21